Courtial v. Lowenstein.

JOHANNA E. COURTIAL, Respondent, v. EMANUEL
LOWENSTEIN, Appellant.

**Kansas City Court of Appeals, February 6, 1899.**

1. **Married Women:** STOLEN MONEY: RECOVERY FROM BONA FIDE
   HOLDER. Where a husband becomes possessed of his wife's money
   without her consent, whether by larceny or violation of trust, the
   title remains in her; but she can not recover the same from one who
   takes it from the husband for a valuable consideration without notice,
   since the same rule applies to money and commercial paper.

2. ———: ———: RECOVERY: BURDEN OF PROOF. Before a married
   woman can recover stolen money from the party receiving it from
   her husband she must show that the money is hers; that the taker
   acquired the same with knowledge of her rights or without considera-
   tion.

3. ———: ———: BONA FIDE HOLDER: ANSWER. In an action by a
   wife to recover stolen money traded by her husband to the defend-
   ant, when the plaintiff assails the good faith of the defendant the
   latter may show such good faith without pleading it in his answer.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

REVERSED AND REMANDED.

I. J. RINGOLSKY for appellant.

(1)   It is undoubtedly true that stolen personal prop-
erty can be recovered from any one who has possession of it,
even from a purchaser in good faith.   The only exception to
the foregoing principle of law is, in the case of money being
stolen.   In such a case any one who obtains possession of
stolen money for value and without notice that it was stolen,
can hold the same against the whole world, even against the
true owner.   Franklin Savings Inst. v. Heinsman, 1 Mo.App.
336; Miller v. Race, 1 Burr. 452; Tiedeman on Commercial

Paper, sec. 464; Smith on Personal Property, p. 60; Ventress v. Smith, 10 Pet. 161; Hoffman v. Carow, 22 Wend. 285; Goodman v. Simonds, 20 How. 343; Usher on Sales of Personal Property, sec. 38, p. 21; Cone v. Baldwin, 12 Pick. 545; Wheeler v. Guild, 20 Pick. 545; 2 Schouler on Personal Property, sec. 20, p. 22; Seybee v. Bank, 54 N. Y. 288; Myer v. Bank, 11 Cush. 51; Franklin Savings Inst. v. Heinsman, 1 Mo. App. 336. (2) The burden of proof is on plaintiff to establish the fact that Lowenstein was not a holder of the $500 he received from Courtial in good faith and that he had notice of the theft, or that there was no consideration given for the money. Authorities cited, *supra*. (3) A married woman can be estopped from asserting title to property her husband took from her without her written consent, as against strangers, such as creditors. Leete v. Bank, 115 Mo. 184.

R. W. QUARLES for respondent.

The case of Rodgers v. Bank, 69 Mo. 560, appears to us to be decisive of this case, in principles therein laid down, in construing our married woman's act of 1875.

GILL, J.—The evidence in this case is very meager, but from it may be gleaned about the following state of facts: In July, 1888, the plaintiff, a married woman, had, as the proceeds of the sale of her separate property, about $6,000 in money, and this she kept concealed in a trunk at her home in Kansas City. Her husband stole the money, went to Europe, and after an absence of a year, returned to Kansas City. It seems that shortly after returning (perhaps in July, 1889) the husband became involved in trouble of some kind and defendant Lowenstein secured bail for him in a criminal prosecution, and for such services plaintiff's husband paid Lowenstein $500. Shortly thereafter the husband and wife became reconciled, and in April, 1894, the plaintiff instituted this

Courtial v. Lowenstein.

action to recover the $500, claiming the same as part of the money her husband had stolen from her. On a trial by the circuit court without a jury, plaintiff recovered and defendant has appealed.

In this, as in most states of the Union, there has been of late years an earnest legislative effort to protect the property rights of married women—especially as against the acts of spendthrift, profligate husbands. Hence our MARRIED women: stolen money: recovery from bona fide holder. statute, section 6869, Revised Statutes 1889, which in effect declares, that all the wife's property, real and personal, belonging to her before, or which may be acquired by her after marriage shall remain her sole and separate property, free from the control or disposition of her husband, unless so authorized by her in writing. Under this statute then it is clear that plaintiff's husband had no interest in her money and no right to take and dispose thereof, since she never gave him authority so to do. It matters not whether he got possession of the money by the commission of a larceny, by the violation of a trust or by force, the title thereto remained in her.

By reference to a memorandum or declaration of law made by the trial judge, he seems to have concluded that Mrs. Courtial had the lawful right to recover this money from the defendant, merely upon the showing that it originally belonged to her and that it was, without her consent taken and thereafter found in defendant's possession—even though it should appear, as the evidence tended to prove, that defendant received the money for value and without notice of plaintiff's rights. In other words, the trial court held, that the wife may recover money stolen from her by her husband from one who got the same from said husband for a valuable consideration and without notice of the theft.

In this we think the court was in error. It is undoubtedly the rule that as to ordinary corporal personal property the thief can convey no better title than he himself has, and

the rightful owner may recover it wherever found even from a good faith purchaser for value. But such is not the law as applied to money or even to commercial paper before maturity and so indorsed as to pass from hand to hand. The following authorities are in point: Tiedeman on Com. Paper, sec. 464; 2 Schouler's Pers. Prop. [3 Ed.], sec. 20; Smith on Pers. Prop., sec. 35; Usher on Sales of Pers. Prop., sec. 38; Miller v. Race, 1 Burr, 452; Goodman v. Simonds, 20 How. 343; Wyer v. Bank, 11 Cush. 51; Hamilton v. Marks, 63 Mo. 167; Franklin Savings Inst. v. Heinsman, 1 Mo. App. 336.

Professor Smith in his work on personal property thus succinctly makes the distinction: "Stolen corporeal property may be recovered by the owner, not only from the thief, but from any person in whose hands it may be found, even from a *bona fide* purchaser. The thief acquires no title, and has none to convey. But commercial policy has established a different rule in respect to money, commercial bank notes and current negotiable securities, to which a *bona fide* holder acquires and will retain title against a former owner, in whatever way he may have lost the chattel, even though it were stolen from him."

In the old and often cited English case of Miller v. Race, *supra,* Lord Mansfield says: "It has been quaintly said 'that the reason why money can not be followed is because it has no ear-mark.' But this is not true. The true reason is, upon account of the currency of it, it can not be recovered after it has passed in currency. So in case of money stolen, the true owner can not recover it after it has been paid away fairly and honestly upon a valuable and *bona fide* consideration."

And while it is true that where ordinary bills or notes have been stolen or originate in fraud, and the defendant makes proof thereof, then the burden shifts to the holder and he will be compelled to prove affirmatively that he acquired the same in good faith and for value. Hamilton v. Marks, *supra;* Bank v. Stanley, 46 Mo. App. 440, and cases cited.

—: —: recovery: burden of proof.

Yet such is not the rule in regard to money. Tiedeman on Com. Paper, *supra*. In Wyer v. Bank, 11 Cush. 51, the syllabus declares the well settled law: "The holder of a bank bill, proved to have been stolen, is not bound to show how he came by the bill, to enable him to recover upon it. The burden of proof is upon the defendant to show that the holder took it under such circumstances that he has no claim on it." The reasons for the rule are fully set out in the opinion of that case, and apply with even more force as to the currency of the present day. So then, before Mrs. Courtial can recover the money here sued for, she must not only prove that she had title thereto as against her husband, that this was a portion of the money he stole from her, but she must also prove by a preponderance of the evidence that Lowenstein acquired the same with knowledge of plaintiff's rights, or that he (Lowenstein) got it from the husband without consideration.

Plaintiff's suggestion that defendant can not claim the money as a *bona fide* holder for value *because no such allegation appears in the answer*, is without merit. As already stated, the negative of this proposition is part of the plaintiff's case; without proving such negative she can not recover. And unquestionably when plaintiff introduces evidence tending to assail defendant's title and prove his *mala fides,* said defendant may produce countervailing testimony to establish a good faith title even though not alleged in his answer.

—: —: bona fide holder: answer.

The questions here decided were not involved or passed on in Rodgers v. Bank, 69 Mo. 560, and we find it unnecessary to discuss that case.

The judgment will be reversed and cause remanded. All concur.